## MITCHELL v BERWALD-STEWART CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11975. Decided Jan 25, 1932

Arthur H. Hill, Cleveland, for Plaintiff in Error.

Boyd, Brooks & Wickham, Cleveland, for Defendant in Error.

MAUCK, PJ and MIDDLETON, J (4th Dist) and FARR, J (7th Dist) sitting.

The Facts are Stated in the Opinion.

MIDDLETON, J.

The answers to the special interrogate are so manifestly incompetent that no escape seems possible from a reversal of the judgment herein.

This case, it appears from the record, has been holding the attention of the courts here for some time. It is time, we think, for this court to say that there is no basis for the contention of Mitchell that there is no evidence herein of a valid contract. The record shows that both the President of the bank and its Cashier signed this contract. If they had no authority to do so they were deceiving Mitchell and were guilty of fraud. However, from our investigation of the record we are led to the conclusion that neither they nor the bank have ever stated, maintained or claimed that its President and its cashier were without any authority to make the contract in question. If this were not so, and if these two officers of the corporation had no authority why the resolution by the Board of Directors under date of February 16th, expressly approving the withdrawal of the offers made by these two agents, including the one which was accepted by Mitchell. One way to settle this question definitely is for the parties to this action to require these officers to testify directly one way or the other on this question.

There is another proposition which we think is involved in this case and that is the failure of Mitchell to tender a deed to the bank. If the evidence shows any such tender was made and refused by the bank, it has escaped our attention. If we are correct in assuming that the bank has never refused a deed, it is possible that if a deed had been offered to the bank it might have accepted the same. All that the bank has ever done under the record is to approve the withdrawal of the offer to buy the land at the price of $99,000.00 or $98,500.00.

It is a well settled rule of equity that when a corporation as in the instant case, has, by its acts, clearly shown that certain of its officers are authorized and empower-

ed to act for the corporation in respect to particular matters, it is then estopped from denying the authority of such officers in the case of a transaction with an innocent third party in respect to such matters. The two officers of the bank in the instant case submitted what Mitchell had every right to believe and did believe was a legitimate proposition to buy the land in question and this was refused by him. They followed that proposition with another which he accepted and from the dates on the contract of acceptance it would seem that more than a week elapsed before he was notified that the proposal to buy was withdrawn. We are persuaded that the company has an apparent right of action against Mitchell under the established facts in this case and that the company was entitled to have its claim submitted to the jury.

We are compelled however, for the reasons first stated, to reverse this judgment and remand this case for further proceedings. Judgment reversed and cause remanded.

MAUCK, PJ, and FARR, J, concur.